AMY, J., dissenting.
|,I respectfully dissent from the majority decision as I instead find that Ms. Dean’s writ application should be granted. As the majority explains, Ms. Dean asserted that the amended rule in which Mr. Cloud sought an order of joint custody did not allege sufficient facts to state a cause of action for modification of custody pursuant to Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). The trial court denied that exception, finding that its May 20, .2014 decree was not a considered decree and that it instead arose from a hearing limited to consideration of the Post-Separation Family Violence Relief Act. See La.R.S. 9:361, et seq. Upon review of that judgment, however, I find that the trial court erred in concluding that the Bergeron standard is inapplicable in this case.
In support of her writ application to this court, Ms. Dean has submitted the parties’ initial cross-pleadings in which each parent sought custody of the minor child. Notably, Ms. Dean pursued sole custody of the child and requested that the provisions of the Post-Separation Family Violence Relief Act be applied. While the trial court ultimately awarded sole custody to Ms. Dean and further determined that the Post-Separation Family Violence Relief Act was applicable, I find no indication that the applicability of that Act indicates that the . incorporating judgment cannot also be a considered decree. Certainly, it cannot be said that a | ^finding that La.R.S. 9:361, et seq., is implicated could not be a factor under the best interest of the child analysis. See La.Civ.Code art. 131; La. Civ.Code art. 134.
In this case, and as stated, the matter was initially presented to the trial court on the respective parties’ requests for custody, not merely on Ms. Dean’s request for custody alone. Additionally, the trial court’s resulting judgment, which was la-belled a “Considered Decree[,]” indicates that it was rendered after the taking of testimony and consideration of evidence. While the judgment included the trial court’s finding that the Post-Separation Family Violence Relief Act was applicable and that Ms. Dean was “an [ajbused parent, as defined by La,R.S. 9:362[,]” the judgment also included the trial court’s order of sole custody of the minor child to Ms. Dean as well as an order of specified child support from Mr. Cloud.
Based upon these factors, as well as'the limited factual basis advanced in Mr. Cloud’s amending rule for joint custody, I find that the trial court erred- in denying the exception of no cause of action. Accordingly, I would grant the writ application under review and sustain that exception.